AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

─── OFFENSE CHARGED ───

SEE ATTACH

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:
SEE ATTACH

─ DEFENDANT - U.S. ─

▶ HASSAN SWAID

**FILED**
SEP 1 3 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER
CR 07-00126 MJJ

─── PROCEEDING ───

Name of Complainant Agency, or Person (&Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense      SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under      MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM      **SCOTT N. SCHOOLS**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)      AUSA GEORGE L. BEVAN, JR.

─── DEFENDANT ───

**IS _NOT_ IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges      } ☐ Fed'l  ☐ State

  If answer to (6) is "Yes", show name of institution

Has detainer      ☐ Yes      If "Yes"
been filed?      ☐ No      give date filed
      Month/Day/Year

**DATE OF ARREST** ▶

Or... if Arresting Agency & Warrant were not      Month/Day/Year

**DATE TRANSFERRED TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT      Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance      *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

HASSAN SWAID

| <u>CHARGES:</u> | <u>PENALTY</u> |
|---|---|
| COUNT ONE: 18 U.S.C. § 371 | 5 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment |
| COUNT NINE: 18 U.S.C. § 1956(h) | 20 years imprisonment; $500,000 fine, 5 years supervised release; $100 special assessment |
| COUNT TEN: 18 U.S.C. § 982(a)(1) | Criminal Forfeiture |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☑ SUPERSEDING

— Name of District Court, and/or Judge/Magistrate Location —
**NORTHERN DISTRICT OF CALIFORNIA**

— OFFENSE CHARGED —

SEE ATTACH

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:

SEE ATTACH

— DEFENDANT - U.S. —

▶ SUFIAN KHALIL AL KHALIDI

DISTRICT COURT NUMBER
CR 07-00126 MJJ

*FILED*
*SEP 13 2007*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND*

— PROCEEDING —
Name of Complaintant Agency, or Person (&Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  SHOW DOCKET NO.
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under  MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM  **SCOTT N. SCHOOLS**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  AUSA GEORGE L. BEVAN, JR.

— DEFENDANT —

IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT  Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

SUFIAN KHALIL AL KHALIDI

CHARGES:                                    PENALTY

COUNT ONE: 18 U.S.C. § 371                  5 years imprisonment, $250,000 fine,
                                            3 years supervised release, $100 special assessment

COUNT NINE: 18 U.S.C. § 1956(h)             20 years imprisonment; $500,000 fine,
                                            5 years supervised release; $100 special assessment

COUNT TEN: 18 U.S.C. § 982(a)(1)            Criminal Forfeiture

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                 ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

~~FILED~~

### OFFENSE CHARGED

SEE ATTACH

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:

SEE ATTACH

— DEFENDANT - U.S. —

▶ ROSEMONT WHOLESALE, INC.

**DISTRICT COURT NUMBER**
CR 07-00126 MJJ

SEP 1 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

### PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

MAGISTRATE CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM**
SCOTT N. SCHOOLS

☑ U.S. Att'y  ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y**
(if assigned)  AUSA GEORGE L. BEVAN, JR.

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

**DATE OF ARREST** ▶    Month/Day/Year

Or... If Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

ROSEMONT WHOLESALE, INC.

| CHARGES: | PENALTY |
|---|---|
| COUNT ONE: 18 U.S.C. § 371 | 5 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment |
| COUNT NINE: 18 U.S.C. § 1956(h) | 20 years imprisonment; $500,000 fine, 5 years supervised release; $100 special assessment |
| COUNT TEN: 18 U.S.C. § 982(a)(1) | Criminal Forfeiture |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                  ☑ SUPERSEDING

─── OFFENSE CHARGED ───

SEE ATTACH

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:

SEE ATTACH

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

▶ MOSSLEH ABDO AMARI

**FILED**
SEP 1 3 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER
CR 07-00126 MJJ

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:          } SHOW DOCKET NO.
   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under          MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM          **SCOTT N. SCHOOLS**
          ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)          AUSA GEORGE L. BEVAN, JR.

─── DEFENDANT ───

**IS NOT IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges          } ☐ Fed'l ☐ State

  If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes  } If "Yes"
been filed?   ☐ No      give date
                        filed _____

**DATE OF ARREST** ▶          Month/Day/Year _____

Or... If Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶          Month/Day/Year _____

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

                    Date/Time: _____

                    Before Judge: _____

Comments:

MOSSLEH ABDO AMARI

| CHARGES: | PENALTY |
|---|---|
| COUNT ONE: 18 U.S.C. § 371 | 5 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment |
| COUNT TWO: 26 U.S.C. § 7206(1) | 3 years imprisonment; $100,000 fine, 3 years supervised release, $100 special assessment |
| COUNT THREE: 26 U.S.C. § 7206(1) | 3 years imprisonment; $100,000 fine, 3 years supervised release, $100 special assessment |
| COUNT FOUR: 26 U.S.C. § 7206(1) | 3 years imprisonment; $100,000 fine, 3 years supervised release, $100 special assessment |
| COUNT FIVE: 26 U.S.C. § 7201 | 5 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment 3 years supervised release, $100 special assessment |
| COUNT NINE: 18 U.S.C. § 1956(h) | 20 years imprisonment; $500,000 fine, 5 years supervised release; $100 special assessment |
| COUNT TEN: 18 U.S.C. § 982(a)(1) | Criminal Forfeiture |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

SEE ATTACH

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

SEE ATTACH

---

**DEFENDANT - U.S.**

▶ AMMAR ABDO ALAMARI

DISTRICT COURT NUMBER
CR 07-00126 MJJ

*FILED*
SEP 1 3 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

}

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM          **SCOTT N. SCHOOLS**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    AUSA GEORGE L. BEVAN, JR.

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges        } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    } If "Yes" give date filed

**DATE OF ARREST** ▶        Month/Day/Year

Or... If Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶        Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT    Bail Amount:  NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

AMMAR ABDO ALAMARI

CHARGES:                                    PENALTY

COUNT ONE: 18 U.S.C. § 371          5 years imprisonment, $250,000 fine,
                                    3 years supervised release, $100 special assessment

COUNT SIX: 26 U.S.C. § 7206(1)      3 years imprisonment; $100,000 fine,
                                    3 years supervised release, $100 special assessment

COUNT SEVEN: 26 U.S.C. § 7206(1)    3 years imprisonment; $100,000 fine,
                                    3 years supervised release, $100 special assessment

COUNT EIGHT: 26 U.S.C. § 7206(1)    3 years imprisonment; $100,000 fine,
                                    3 years supervised release, $100 special assessment

COUNT NINE: 18 U.S.C. § 1956(h)     20 years imprisonment; $500,000 fine,
                                    5 years supervised release; $100 special assessment

COUNT TEN: 18 U.S.C. § 982(a)(1)    Criminal Forfeiture

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                  ☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

─ OFFENSE CHARGED ─

SEE ATTACH

☐ Petty
☐ Minor
☐ Misde-
     meanor
☑ Felony

PENALTY:

SEE ATTACH

─ DEFENDANT - U.S. ─

▶ ABDULLAH AL-AMARI

**FILED**

SEP 1 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER
CR 07-00126 MJJ

─ PROCEEDING ─

Name of Complainant Agency, or Person (&Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40.  Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:                        SHOW
   ☐ U.S. Att'y ☐ Defense       DOCKET NO.

☐ this prosecution relates to a
   pending case involving this same
   defendant

☐ prior proceedings or appearance(s)       MAGISTRATE
   before U.S. Magistrate regarding         CASE NO.
   this defendant were recorded under

Name and Office of Person
Furnishing Information on        **SCOTT N. SCHOOLS**
THIS FORM
                         ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        AUSA GEORGE L. BEVAN, JR.

─ DEFENDANT ─

IS *NOT* IN CUSTODY
   Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
                                     }  ☐ Fed'l  ☐ State
6) ☐ Awaiting trial on other
      charges

   If answer to (6) is "Yes", show name of institution

Has detainer      ☐ Yes      If "Yes"
been filed?       ☐ No       give date
                             filed

DATE OF                    Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED          Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
   ☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount:  NO BAIL

   If Summons, complete following:
   ☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
                                           or warrant needed, since Magistrate has scheduled arraignment
   Defendant Address:

                                    Date/Time:

                                    Before Judge:

   Comments:

ABDULLAH AL-AMARI

| CHARGES: | PENALTY |
|----------|---------|
| COUNT ONE: 18 U.S.C. § 371 | 5 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment |
| COUNT NINE: 18 U.S.C. § 1956(h) | 20 years imprisonment; $500,000 fine, 5 years supervised release; $100 special assessment |
| COUNT TEN: 18 U.S.C. § 982(a)(1) | Criminal Forfeiture |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
    ☑ SUPERSEDING

---

**OFFENSE CHARGED**

SEE ATTACH

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:

SEE ATTACH

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

— DEFENDANT - U.S. —

▶ BASHEER MOSSLEH ABDO AMMARI

DISTRICT COURT NUMBER
CR 07-00126 MJJ

*FILED*
SEP 13 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
    SCOTT N. SCHOOLS
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
AUSA GEORGE L. BEVAN, JR.

---

— DEFENDANT —

**IS _NOT_ IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

   NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges      } ☐ Fed'l ☐ State

   If answer to (6) is "Yes", show name of institution

Has detainer been filed?    ☐ Yes    If "Yes"
                             ☐ No     give date filed

**DATE OF ARREST**                    Month/Day/Year

Or... If Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

BASHEER MOSSLEH ABDO AMMARI

<u>CHARGES:</u>                          <u>PENALTY</u>

COUNT ONE: 18 U.S.C. § 371          5 years imprisonment, $250,000 fine,
                                    3 years supervised release, $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                 ☑ SUPERSEDING

| | |
|---|---|
| **OFFENSE CHARGED** | **Name of District Court, and/or Judge/Magistrate Location** |
| SEE ATTACH | NORTHERN DISTRICT OF CALIFORNIA |

OFFENSE CHARGED
SEE ATTACH

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
SEE ATTACH

**DEFENDANT - U.S.**

▶ NABIL MUNASAR AL ZOQARI

DISTRICT COURT NUMBER
CR 07-00126 MJJ

*FILED*

SEP 13 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---

**PROCEEDING**

Name of Complainant Agency, or Person (&Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                          SHOW
    ☐ U.S. Att'y ☑ Defense          DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)     MAGISTRATE
before U.S. Magistrate regarding         CASE NO.
this defendant were recorded under

Name and Office of Person
Furnishing Information on        **SCOTT N. SCHOOLS**
THIS FORM

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    AUSA GEORGE L. BEVAN, JR.

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
      if not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other    } ☐ Fed'l ☐ State
      charges

If answer to (6) is "Yes", show name of Institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No    } give date
                              filed

                              Month/Day/Year

**DATE OF
ARREST** ▶

Or... if Arresting Agency & Warrant were not

                              Month/Day/Year
**DATE TRANSFERRED
TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

                                      Date/Time: _____

                                      Before Judge: _____

Comments:

NABIL MUNASAR AL ZOQARI

CHARGES:                              PENALTY

COUNT ONE: 18 U.S.C. § 371           5 years imprisonment, $250,000 fine,
                                     3 years supervised release, $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                  ☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

SEE ATTACH

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:

SEE ATTACH

┌─ DEFENDANT - U.S. ─

MOHAMMED A. ALDHUFRI

**FILED**
SEP 13 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER
CR 07-00126 MJJ

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on        SHOW
motion of:                     DOCKET NO.
   ☐ U.S. Att'y ☑ Defense
☐ this prosecution relates to a
pending case involving this same
defendant                      MAGISTRATE
☐ prior proceedings or appearance(s)  CASE NO.
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM           SCOTT N. SCHOOLS

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    AUSA GEORGE L. BEVAN, JR.

### DEFENDANT

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding.
      If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other
      charges            } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   If "Yes"
been filed?   ☐ No     give date
                       filed

DATE OF                Month/Day/Year
ARREST

Or... If Arresting Agency & Warrant were not

DATE TRANSFERRED       Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

MOHAMMED A. ALDHUFRI

CHARGES:                          PENALTY

COUNT ONE: 18 U.S.C. § 371        5 years imprisonment, $250,000 fine,
                                  3 years supervised release, $100 special assessment

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA
### CRIMINAL DIVISION
### VENUE: OAKLAND



FILED
SEP 13 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES OF AMERICA,

### V.

Hassan Swaid, Sufian Khailil Al Khalidi,
Rosemont Wholesale, Inc., Mossleh Abdo Amari,
Ammar Abdo Alamari, Abdullah Al-Amari,
Basheer Mossleh Abdo Ammari,
Nabil Munasar Al Zoqari, and
Mohammed A. Aldhufi,

### CR-07-126-MJJ

DEFENDANT.

## INDICTMENT
[SUPERSEDING]

VIOLATIONS: 18 U.S.C. § 371 – Conspiracy To
Commit Mail Fraud and Interstate Transportation of
Stolen Merchandise; 26 U.S.C. § 7206(1) – Filing False
Federal Income Tax Returns; 26 U.S.C. § 7201 –
Income Tax Evasion; 18 U.S.C. § 1956(h) – Conspiracy
to Launder Proceeds From Sale of Stolen Merchandise;
18 U.S.C. § 1956(a)(1)(A) and B – Laundering of
Proceeds From Sale of Stolen Property for Promotion,
and to Conceal and Disguise Proceeds;
18 U.S.C. § 982(a)(1) -- Criminal Forfeiture

A true bill

_____
Foreman

Filed in open court this 13th day of
September, 2007

_____
Clerk

Bail $ No bail arrest warrants for
Ammar Abdo Alamari
and
Abdullah Al-Amari.
No process as to the
other defendants.

9-13-07

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

FILED

2007 SEP 13  PH 1: 20

CLER...
NORTHERN...
...CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>HASSAN SWAID,<br>SUFIAN KHALIL AL KHALIDI,<br>ROSEMONT WHOLESALE, INC.,<br>MOSSLEH ABDO AMARI,<br>AMMAR ABDO ALAMARI,<br>ABDULLAH AL-AMARI,<br>BASHEER MOSSLEH ABDO<br>AMMARI,<br>NABIL MUNASAR AL ZOQARI, and<br>MOHAMMED A. ALDHUFRI,<br><br>            Defendants. | No.  CR-07-00126-MJJ<br><br>VIOLATIONS: 18 U.S.C. § 371 –<br>Conspiracy To Commit Fraud and<br>Interstate Transportation of Stolen<br>Merchandise; 26 U.S.C. § 7206(1) –<br>Filing False Federal Income Tax<br>Returns; 26 U.S.C. § 7201 – Income Tax<br>Evasion; 18 U.S.C. § 1956(h) –<br>Conspiracy to Launder Proceeds From<br>Sale of Stolen Property; 18 U.S.C.<br>§§ 1956(a)(1)(A) and (B) – Laundering<br>of Proceeds from Sale of Stolen Property<br>for Promotion, and to Conceal and<br>Disguise Proceeds; 18 U.S.C. § 982(a)(1)<br>– Criminal Forfeiture.<br><br><br>OAKLAND VENUE |

S U P E R S E D I N G   I N D I C T M E N T

1   The Grand Jury charges:

2   COUNT ONE: 18 U.S.C. § 371

3       1.   Beginning no later than in or about January 2002 and continuing until January

4   2007, in the Northern District of California and elsewhere, the defendants,

5                            HASSAN SWAID,
                        SUFIAN KHALIL AL KHALIDI,
6                       ROSEMONT WHOLESALE, INC.,
                          MOSSLEH ABDO AMARI,
7                         AMMAR ABDO ALAMARI,
                            ABDULLAH AL-AMARI,
8                   BASHEER MOSSLEH ABDO AMMARI,
                        NABIL MUNASAR AL ZOQARI,
9                       MOHAMMED A. ALDHUFRI,

10  and others, did knowingly conspire to commit offenses against the United States, namely,

11  fraud in violation of 18 U.S.C. § 1341, and interstate transportation of stolen goods and

12  merchandise in violation of 18 U.S.C. § 2314.

13                   MANNER AND MEANS OF CONSPIRACY

14      2.   It was part of the manner and means of the conspiracy that:

15      (a)   The defendants charged herein were participants in a large scale material

16  scheme to defraud interstate retail stores, such as Safeway, Walgreens, and Target, by

17  theft of their goods and merchandise, and subsequent resale.  These goods and

18  merchandise consisted of many items, such as baby formula, razor blades, and varieties of

19  over-the-counter medicines.

20      (b)   Numerous persons, sometimes known as "boosters," went into these large

21  retail stores, and stole goods and merchandise intending to resell them to market stores in

22  Oakland, California.

23      (c)   Stolen goods and merchandise were delivered and sold by the boosters to

24  King Food Market ("King Food"), 1 Star Discount Store ("1 Star"), and to persons

25  occupying one or more apartments above the King Food market, in Oakland, California.

26      (d)   Stolen goods and merchandise purchased at King Food, 1 Star, and the

27  apartments were thereafter delivered by vehicle by one or more co-conspirators on a daily

28

1   basis and sold to Rosemont Warehouse, Inc. ("Rosemont") at 3179 Diablo Avenue,

2   Hayward, California.

3       (e)  At Rosemont, the security stickers, stamps, price tags, and bar codes were

4   removed from the stolen goods and merchandise to conceal the fact that these products

5   were stolen.  The products were then repackaged for resale, and thereafter sold and

6   shipped by Rosemont by commercial and interstate carrier to customers in and outside the

7   State of California.

8                                    OVERT ACTS

9       3.  In furtherance of the conspiracy, and to obtain the objectives thereof, the

10  defendants and co-conspirators committed the following overt acts, among others, in the

11  Northern District of California and elsewhere:

12      (a)  Defendant Hassan Swaid, the president and owner of record of defendant

13  Rosemont Wholesale, Inc, signed checks on the bank accounts of Rosemont to pay co-

14  conspirator vendors for stolen goods and merchandise.

15      (b)  Defendant Mossleh Amari received checks from Rosemont during the year

16  2002 in the approximate amount of $371,384, in payment for stolen goods and

17  merchandise.

18      (c)  Defendant Ammar Alamari received checks from Rosemont during the year

19  2002 in the approximate amount of $777,145, in payment for stolen goods and

20  merchandise.

21      (d)  Defendant Abdullah Al-Amari received checks from Rosemont during the

22  year 2002 in the amount of $8,181, in payment for stolen goods and merchandise.

23      (e)  Defendant Mossleh Amari received checks from Rosemont during the year

24  2003 in the approximate amount of $92,700, in payment for stolen goods and

25  merchandise.

26      (f)  Defendant Ammar Alamari received checks from Rosemont during the year

27  2003 in the approximate amount of $833,434, in payment for stolen goods and

28

1 merchandise.

2 (g) Defendant Mossleh Amari received checks from Rosemont during the year
3 2004 in the approximate amount of $1,463,385, in payment for stolen goods and
4 merchandise.

5 (h) Defendant Ammar Alamari received checks from Rosemont during the year
6 2004 in the approximate amount of $78,576, in payment for stolen goods and
7 merchandise.

8 (i) Defendant Mossleh Amari received checks from Rosemont during the year
9 2005 in the approximate amount of $1,865,440, in payment for stolen goods and
10 merchandise.

11 (j) Defendant Ammar Alamari received checks from Rosemont during the year
12 2005 in the approximate amount of $24,006, in payment for stolen goods and
13 merchandise.

14 (k) Defendant Abdullah Al-Amari received checks from Rosemont during the
15 year 2005 in the approximate amount of $15,124, in payment for stolen goods and
16 merchandise.

17 (l) Defendant Basheer Ammari received checks from Rosemont during the year
18 2005 in the approximate amount of $5,324, in payment for stolen goods and merchandise.

19 (m) Defendant Mossleh Amari received checks from Rosemont during the year
20 2006 in the approximate amount of $1,056,635, in payment for stolen goods and
21 merchandise.

22 (n) On or about October 30, 2006, defendant Mohammed Aldhufri purchased
23 razor blades which were represented to him to be stolen.

24 (o) On or about November 13, 2006, defendants Nabil Al Zoqari and Mohammed
25 Aldhufri purchased goods and merchandise that were represented to them to be stolen.

26 (p) On or about November 15, 2006, defendant Mohammed Aldhufri purchased
27 goods and merchandise that were represented to him to be stolen.

28

(q)   On or about March 24, 2006, defendant Mossleh Amari delivered stolen goods and merchandise to Rosemont.

(r)   On or about February 8, 2007, defendant Basheer Ammari was driving a white, 2000 Ford van, California license plate 8F77260, containing stolen goods and merchandise.

(s)   Defendant Sufian Al Khalidi, as general manager of Rosemont, caused employees of Rosemont to remove security stickers, stamps, price tags, and bar codes from stolen goods and merchandise, to conceal the fact that these products were stolen.

(t)   On various dates in 2005 and 2006, Rosemont shipped stolen goods and merchandise by commercial interstate carrier to customers in the State of California.

(u)   On various dates in 2005 and 2006, Rosemont transported and transferred in interstate commerce goods and merchandise with a value exceeding $5,000, knowing these goods and merchandise to have been stolen.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO: 26 U.S.C. § 7206(1)

4.   On or about February 3, 2003, in the Northern District of California, defendant

MOSSLEH ABDO AMARI,

then a resident of San Leandro, California, did willfully make and subscribe a materially false Form 1040 – U.S. Individual Tax Return for the year 2002 -- which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, which income tax return the defendant did not believe to be true and correct as to every material matter, in that the defendant willfully omitted income derived from the sale of stolen goods and merchandise, when in truth and fact, as the

//

//

1 defendant well knew and believed, his total income during the 2002 calendar year was at
2 least $371,384 more than he reported on his return.
3       All in violation of Title 26, United States Code, Section 7206(1).
4
5 COUNT THREE: 26 U.S.C. § 7206(1)
6       5. On or about April 14, 2004, in the Northern District of California, defendant
7                 MOSSLEH ABDO AMARI,
8 then a resident of San Leandro, California, did willfully make and subscribe a materially
9 false Form 1040 – U.S. Individual Tax Return for the year 2003 -- which was verified by
10 a written declaration that it was made under penalty of perjury and was filed with the
11 Internal Revenue Service, which income tax return the defendant did not believe to be
12 true and correct as to every material matter, in that the defendant willfully omitted income
13 derived from the sale of stolen goods and merchandise, when in truth and fact, as the
14 defendant well knew and believed, his total income during the 2003 calendar year was at
15 least $92,700 more than he reported on his return.
16       All in violation of Title 26, United States Code, Section 7206(1).
17
18 COUNT FOUR: 26 U.S.C. § 7206(1)
19       6. On or about March 30, 2005, in the Northern District of California, defendant
20                 MOSSLEH ABDO AMARI,
21 then a resident of San Leandro, California, did willfully make and subscribe a materially
22 false Form 1040 – U.S. Individual Tax Return for the year 2004 -- which was verified by
23 a written declaration that it was made under penalty of perjury and was filed with the
24 Internal Revenue Service, which income tax return the defendant did not believe to be
25 true and correct as to every material matter, in that the defendant willfully omitted income
26 derived from the sale of stolen goods and merchandise, when in truth and fact, as the
27 defendant well knew and believed, his total income during the 2004 calendar year was at
28

1  least $1,463,385 more than he reported on his return.

2      All in violation of Title 26, United States Code, Section 7206(1).

3

4  COUNT FIVE: 26 U.S.C. § 7201

5      7. On or about August 15, 2006, in the Northern District of California, defendant

6                      MOSSLEH ABDO AMARI,

7  then a resident of San Leandro, California, well-knowing and believing that during the

8  calendar year 2005, he had and received taxable income, computed on the basis of

9  community property, in the sum of $507,868; and that upon said taxable income there was

10  owing to the United States of America an income tax of $164,785; the defendant did

11  willfully attempt to evade and defeat said income tax due and owing to the United States

12  of America by failing to make an individual income tax return on or before August 15,

13  2006, as required by law, to any proper officer of the Internal Revenue Service, and by

14  concealing and attempting to conceal from the Internal Revenue Service his receipt of

15  income, and the amount of such income, derived from the sale of stolen goods and

16  merchandise.

17      All in violation of Title 26, United States Code, Section 7201.

18

19  COUNT SIX: 26 U.S.C. § 7206(1)

20      8. On or about April 4, 2003, in the Northern District of California, defendant

21                    AMMAR ABDO ALAMARI,

22  then a resident of San Leandro, California, did willfully make and subscribe a materially

23  false Form 1040 – U.S. Individual Tax Return for the year 2002 -- which was verified by

24  a written declaration that it was made under penalty of perjury and was filed with the

25  Internal Revenue Service, which income tax return the defendant did not believe to be

26  true and correct as to every material matter, in that the defendant willfully omitted income

27  derived from the sale of stolen goods and merchandise, when in truth and fact, as the

28

1  defendant well knew and believed, his total income during the 2002 calendar year was at
2  least $777,145 more than he reported on his return.

3        All in violation of Title 26, United States Code, Section 7206(1).

5  <u>COUNT SEVEN</u>:  26 U.S.C. § 7206(1)

6        9.  On or about April 14, 2004, in the Northern District of California, defendant

7                          AMMAR ABDO ALAMARI,

8  then a resident of San Leandro, California, did willfully make and subscribe a materially
9  false Form 1040 – U.S. Individual Tax Return for the year 2003 -- which was verified by
10  a written declaration that it was made under penalty of perjury and was filed with the
11  Internal Revenue Service, which income tax return the defendant did not believe to be
12  true and correct as to every material matter, in that the defendant willfully omitted income
13  derived from the sale of stolen goods and merchandise, when in truth and fact, as the
14  defendant well knew and believed, his total income during the 2003 calendar year was at
15  least $833,386 more than he reported on his return.

16        All in violation of Title 26, United States Code, Section 7206(1).

18  <u>COUNT EIGHT</u>:  26 U.S.C. § 7206(1)

19        10.  On or about March 30, 2005, in the Northern District of California, defendant

20                         AMMAR ABDO ALAMARI,

21  then a resident of San Leandro, California, did willfully make and subscribe a materially
22  false Form 1040 – U.S. Individual Tax Return for the year 2004 -- which was verified by
23  a written declaration that it was made under penalty of perjury and was filed with the
24  Internal Revenue Service, which income tax return the defendant did not believe to be
25  true and correct as to every material matter, in that the defendant willfully omitted income
26  derived from the sale of stolen goods and merchandise, when in truth and fact, as the
27  defendant well knew and believed, his total income during the 2004 calendar year was at

28

least $78,576 more than he reported on his return.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT NINE: 18 U.S.C. § 1956(h)

11. Beginning no later than in or about January 2002 and continuing until January 2007, in the Northern District of California and elsewhere, the defendants,

HASSAN SWAID,<br>
SUFIAN KHALIL AL KHALIDI,<br>
ROSEMONT WHOLESALE, INC.,<br>
MOSSLEH ABDO AMARI,<br>
AMMAR ABDO ALAMARI,<br>
ABDULLAH AL-AMARI,

and others, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly conspire to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, namely, fraud in violation of 18 U.S.C. § 1341 and the interstate transportation of stolen property in violation of 18 U.S.C. § 2314,

(a) with the intent to promote the carrying on of such specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

(b) knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Manner and Means of Conspiracy

12. It was part of the manner and means of the conspiracy that:

(a) The allegations of paragraph 2(a)-(d) of Count One herein are hereby incorporated by reference as if fully set forth herein.

(b) Defendant Rosemont Wholesale, Inc. used the proceeds derived from its sale of stolen goods and merchandise, to pay co-conspirator vendors from whom Rosemont acquired these stolen products, including defendants Mossleh Amari, Ammar Alamari, and Abdullah Al-Amari.

1     (c)  Co-conspirator vendors used the funds received from Rosemont to purchase

2 more stolen goods and merchandise, thereby promoting the carrying on of such unlawful

3 activity.

4 Overt Acts

5     13.  In furtherance of the conspiracy and to obtain the objectives thereof, the

6 defendants committed the following overt acts, among others, in the Northern District of

7 California and elsewhere:

8     (a)  On multiple occasions during the period of the conspiracy, co-conspirator

9 vendors submitted invoices to Rosemont for payment of stolen goods and merchandise

10 purchased by Rosemont.  The name of the vendor listed on these invoices was defendant

11 Abdullah Abdo Alamari, spelled as "Abdulla Abdo Alamari," at an address in Vallejo,

12 California, which address did not belong to said defendant.  These invoices also listed

13 seller's permit number 97-886104, which permit was not valid after the date of July 3,

14 2001.

15     (b)  On multiple occasions during the period of the conspiracy, Rosemont

16 structured their payments to co-conspirator vendors so that the checks issued by

17 Rosemont were each less than $10,000.

18     (c)  On multiple occasions during the period of the conspiracy, co-conspirator

19 vendors cashed the checks they received from Rosemont, rather than depositing the

20 checks to a bank account.

21     (d)  Defendant Ammar Alamari received checks from Rosemont during the year

22 2002 in the approximate amount of $777,145, in payment for stolen goods and

23 merchandise.

24     (e)  Defendant Abdullah Al-Amari received checks from Rosemont during the

25 year 2002 in the amount of $8,181, in payment for stolen goods and merchandise.

26     (f)  Defendant Mossleh Amari received checks from Rosemont during the year

27 2003 in the approximate amount of $92,700, in payment for stolen goods and

28

1    merchandise.

2        (g)   Defendant Ammar Alamari received checks from Rosemont during the year
3    2003 in the approximate amount of $833,434, in payment for stolen goods and
4    merchandise.

5        (h)   Defendant Mossleh Amari received checks from Rosemont during the year
6    2004 in the approximate amount of $1,463,385, in payment for stolen goods and
7    merchandise.

8        (i)   Defendant Ammar Alamari received checks from Rosemont during the year
9    2004 in the approximate amount of $78,576, in payment for stolen goods and
10   merchandise.

11       (j)   Defendant Mossleh Amari received checks from Rosemont during the year
12   2005 in the approximate amount of $1,865,440, in payment for stolen goods and
13   merchandise.

14       (k)   Defendant Ammar Alamari received checks from Rosemont during the year
15   2005 in the approximate amount of $24,006, in payment for stolen goods and
16   merchandise.

17       (l)   Defendant Abdullah Al-Amari received checks from Rosemont during the
18   year 2005 in the amount of $15,124, in payment for stolen goods and merchandise.

19       (m)   Co-conspirator Basheer Ammari received checks from Rosemont during the
20   year 2005 in the approximate amount of $5,324, in payment for stolen goods and
21   merchandise.

22       (n)   Defendant Mossleh Amari received checks from Rosemont during the year
23   2006 in the approximate amount of $1,056,635, in payment for stolen goods and
24   merchandise.

25       All in violation of Title 18, United States Code, Section 1956(h).

26   //

27   //

28

COUNT TEN: 18 U.S.C. § 982(a)(1)

14.    The allegations contained in Count Nine of this Indictment are incorporated as though fully set forth herein.

15.    Upon a conviction of the offense alleged in Count Nine, defendants

> HASSAN SWAID,
> SUFIAN KHALIL AL KHALIDI,
> ROSEMONT WHOLESALE, INC.,
> MOSSLEH ABDO AMARI,
> AMMAR ABDO ALAMARI, and
> ABDULLAH AL-AMARI,

shall forfeit to the United States all property, real or personal, involved in such offense, and property traceable to such property, including but not limited to:

(a)    All the goods and merchandise seized by or on behalf of the United States, or any of its agencies or departments, on or subsequent to February 8, 2007, from inside the business premises of Rosemont Wholesale, Inc., at 3179 Diablo Avenue, Hayward, California.

(b)    A 2000 Ford van, California license plate 8F77260.

//
//
//
//
//
//
//
//
//
//
//
//
//

(c)  All the goods and merchandise contained within approximately 8-9 white garbage bags seized by the United States, or any of its agencies or departments, from inside the aforementioned Ford van on or subsequent to February 8, 2007.

All in violation of Title 18, United States Code, Section 982(a)(1).

DATED:                                    A TRUE BILL.

September 13, 2007

_____
FOREPERSON

SCOTT N. SCHOOLS
United States Attorney

DOUGLAS SPRAGUE
Chief, Oakland Division

(Approved as to form: _____ )
AUSA  G. BEVAN JR