1    Michael P. Thorman, State Bar No. 63008
     BONJOUR, THORMAN, BARAY & BILLINGSLEY
2    24301 Southland Drive, Suite 312
     Hayward, CA 94545
3    (510) 785-8400

4    Attorneys for defendant
     Sufian Al-Khalidi

5

6                  UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT COURT OF CALIFORNIA

8

9    UNITED STATES OF AMERICA,        No.:    CR 07-00126 DLJ

10            Plaintiff,

11                                 DEFENDANT'S MOTION TO EXCLUDE
   vs.                              CO-CONSPIRATOR STATEMENTS
12                                 UNLESS THE GOVERNMENT MAKES
                                 THE REQUISITE SHOWING FOR EACH
13                                 STATEMENT BY A PREPONDERANCE
                                 OF THE EVIDENCE
14    SUFIAN AL-KHALIDI, et.al.,

15            Defendants.            Date:    September 19, 2008
                                      Time:   11:00 a.m.
16    _____/

17                          **INTRODUCTION**

18       At the time of this writing, defendants Hassan Swaid, Sufian Al-Khalidi, and Rosemont

19 Wholesale, Inc, among others, are charged in Count 1 of the Indictment with conspiracy in

20 violation of 18 U.S.C. § 371 to commit fraud in violation of 18 U.S.C. § 1341 and interstate

21 transportation of stolen goods in merchandise in violation of 18 U.S.C. § 2314. The same

22 defendants and others are also charged in Count 9 of the Indictment with engaging in financial

23 transactions which represented the proceeds of some form of unlawful activity in violation of

24 18   U.S.C. § 1956(h). In each case, the conspiracy is alleged to have commenced in or about

25 January 2002 and continuing until January 2007.[1]

26

27

          [1]This prefatory statement is qualified by the words "at this time" because the government
28 has advised counsel of its intent to supercede the present indictment. Defense counsel does not
know precisely how a superceding indictment will change the present charges.

1      At present, defense counsel is not in possession of any statement, as that term is defined

2  in FRCrP 26.2(f), of any witness. However, summaries of conversations between federal agents

3  and some witnesses suggest there are some persons who may be called by the government that

4  might testify to hearsay statements that the government would seek to introduce under the co-

5  conspirator exception to the hearsay rule. (FRE 801(d)(1)(E)). Additionally, recent proceedings

6   involving other defendants in this indictment suggest that there are defendants in this case who

7   may be testifying against defendants Swaid, Al-Khalidi, and/or Rosemont and such testimony

8   may include hearsay which will be offered under the co-conspirator exception to the hearsay

9  rule.

10      In order to protect the defendants' rights under the 5th, 6th and 8th amendments to be tried

11  only on admissible evidence, defendants ask the Court to preclude any witness from testifying

12  about co-conspirator statements until the government has made the initial showing required by

13  *Bourjaily v. United States*, 483 U.S. 171 (1987) and its progeny.

14

15                          **ARGUMENT AND AUTHORITIES**

16      "Before admitting [a statement under Rule 801(d)(1)(E)], a Court must determine by a

17  preponderance of the evidence that there was a conspiracy between the declarant and the

18  offering party, and that the statement was made 'in the course of and in furtherance of the

19  conspiracy." *United States v. Vowiell*, 869 F. 2d 1264, 1267 (9th Cir. 1987) (citing *Bourjaily*, 107

20  S. Ct. at 2779). "In determining whether the proponent has made a showing sufficient to permit

21   the introduction into evidence of the co-conspirator's statement, the District Court must bear in

22  mind that out-of-court statements are presumptively unreliable." *United States v. Silverman*, 861

23  F. 2d  (571, 578 (9th Cir. 1988). "Although co-conspirator hearsay statements maybe used to

24  prove the preliminary facts of the conspiracy and the defendant's involvement in it, the

25  government can not rely solely on those statements: there must be evidence, beyond the

26  statements, to demonstrate by a preponderance of the evidence the conspiracy and the

27  defendant's connection to it." *United States v. Tamez*, 941 F 2d 770, 774-775 (9th Cir. 1991).

28

1   them, are not made "in furtherance" of a conspiracy. *United States v. Layton*, 720 F. 2$^d$ 548, 556

2   -557 (9th Cir. 1983), and *Cert. denied*, 465 U.S. 1069, 104 S. Ct. 1423, 79 L.Ed. 2$^d$ 784 (1984)

3   (narrations of past events inadmissible while expressions of future intent *are* admissible);

4   *United States v. Eubanks*, 59 F. 2$^d$ 513, 521 (9th Cir. 1979). Rather, to be "in furtherance," the

5   statements must further the common objectives of the conspiracy or set in motion transactions

6   that are an integral part of the conspiracy. *Layton, supra*, 720 F. 2$^d$ at 556. Otherwise, the

7   statements do not fit within a firmly rooted hearsay exception and their admission would violate

8   the confrontation clause. *Bourjaily, supra*, 483 U.S. at 183 ("co-conspirator's statements *when*

9   *made in the course and in furtherance of a conspiracy*, have a long tradition of being outside

10   the compass of the general hearsay exclusion." (Emphasis added.)

11       While this motion is being filed jointly on behalf of three defendants, it is important to

12   remember that the rights asserted here are individual to each defendant. Thus, a statement of a

13   conspirator maybe admissible against Swaid but not against Al-Khalidi, or vice versa. In order

14   to protect the defendants' rights to due process and to confrontation of witnesses, it is

15   imperative that the Court fulfill its obligation under *Bourjaily* and require the government to

16   prove that each and every co-conspirator statement is admissible, and as to which defendant it

17   is admissible, before allowing testimony about it.

18

19                                 **CONCLUSION**

20       For the foregoing reasons, defendants Swaid, Al-Khalidi and Rosemont respectfully that

21   the Court require the government to prove the admissibility of co-conspirator statements by a

22   preponderance of the evidence before the jury hears the statement.

23

24   Dated:                                        Respectfully submitted,

25

26                                       _____/s/_____

27                                       Michael P. Thorman

28