1  Michael P. Thorman, State Bar No. 63008
   BONJOUR, THORMAN, BARAY & BILLINGSLEY
2  24301 Southland Drive, Suite 312
   Hayward, CA 94545
3  (510) 785-8400

4
   Attorneys for defendant
5  Sufian Al-Khalidi

6
                    UNITED STATES DISTRICT COURT
7          NORTHERN DISTRICT COURT OF CALIFORNIA

8
9  UNITED STATES OF AMERICA,                No.:    CR 07-00126 DLJ
                        Plaintiff.
10

11                                          MOTION TO EXCLUDE
                                            GOVERNMENT 404(b)
12                                          EVIDENCE OR EVIDENCE
                                            ALLEGEDLY "INTERWOVEN"
13                                          WITH CURRENT CHARGES
   vs.
14
   SUFIAN AL-KHALIDI, et. al.,
15
                        Defendants.         Date:   September 19, 2008
16  _____/      Time:   11:00 a.m.

17

18       At the time of this writing, defendants Hassan Swaid, Sufian Al-Khalidi, and Rosemont

19  Wholesale, Inc., among others, are charged in Count One of the Indictment with conspiracy in

20  violation of 18 U.S.C. § 371 to: commit fraud in violation of 18 U.S.C. § 1341 and interstate

21  transportation of stolen goods in merchandise in violation of 18 U.S.C. § 2314. The same

22  defendants and others are also charged in Count Nine of the Indictment with engaging in

23  financial transactions which represented the proceeds of some form of unlawful activity in

24  violation of 18 U.S.C. § 1956(h). In each case, the conspiracy is alleged to have commenced on

25  or about January 2002 and continuing until January 2007.[1]

26  _____

27       [1]This prefatory statement is qualified by the words "at this time" because the government
    has advised counsel of its intent to supercede the present indictment. Defense counsel does not
28  know precisely how a superceding indictment will change the present charges.

                                          1

1    By letter dated September 3rd and received by counsel September 4th, the government

2    provided defense with a list of five items of evidence which it submits as either Rule 404(b)

3    evidence or evidence that is inextricably intertwined conduct. A copy of that portion of the letter

4    detailing these items is attached hereto. Defendant Sufian Al-Khalidi objects to admission of this

5    evidence on the following grounds:

6        First, defendant Al-Khalidi objects to the admission of evidence against him that has no

7    relevance to the charges against him. Thus, for example, Hassan Swaid's alleged false statements

8    to banks regarding the type of business Rosemont conducted (item 1) or Rosemont's alleged

9    failure to list Mossleh Amari as a trade reference on applications for credit with vendors and

10   banks (item 5) has no apparent relevance to the charges against him.

11       Second, the evidence offered does not fit the purpose of Rule 404(b). Indeed, the

12   government fails entirely to notify the Court and the defense of the reasoning to seek to admit the

13   material. In other words, since "the prior act must be introduced in order to prove a material

14   element of the case," it is axiomatic that the government must advance some reasoning for

15   proffering the evidence. *United States v. Spillone*, 879 F.2d 514, 518-519 (9th Cir. 1989). For

16   example, there is no explanation as to how the use of stolen milk crates and a forklift with an

17   obliterated serial number proves any material element in the case.

18       Third, defendant objects under Federal Rule of Evidence 403 in that the provident value

19   of the evidence sought to be introduced is low and at the same time creates undue delay and a

20   waste of time.

21       Finally, defendant notes that the government's disclosure refers to acts that "may include

22   but not be limited to . . ." This notice is incomplete and defendant objects to any proffer of

23   additional 404(b) evidence not specifically enumerated by the government in its notice.

24

Dated:  9/5/08                                    Respectfully submitted,
25

26

27
                                                  _____
                                                  Michael P. Thorman
28

2

# ATTACHMENT

Mr. Biggs and representatives from the other victimized companies like Safeway and Target, will testify that based on their experience in the business, they are not aware of any significant source for OTC products or infant formula that involves discount pricing, coupons, or salvage. Mr. Biggs' many years of retail experience has taught him that discount pricing and coupon purchases are typically accompanied by limitations on the quantities available for purchase by each individual customer.

Mr. Biggs will also testify about the store labels and security devices affixed to products that are known to be targeted by organized retail criminals. Mr. Biggs will be reviewing the products seized from the Rosemont warehouse as well as the security devices recovered from Rosemont's trash. As he develops opinions about this case after reviewing the evidence we will provide you with a written summary of that opinion testimony.

Mr. Biggs will be testifying about the following areas:

1.    Prices

Mr. Biggs will compare the prices at which Rosemont bought and sold merchandise with the prices paid by the largest retailers for products directly from the manufacturers. Mr. Biggs is familiar with the prices charged by manufacturers and the prices paid by the largest retail stores in the country.

2.    Security Devices and Store Stickers.

Mr. Biggs will testify about the various types of store stickers and security devices that are affixed to products, how and when they would be removed legitimately, and whether or not products with active security devices were likely to have been processed through the normal check-out procedures. Mr. Biggs will also testify about the toll-free number listed on Walgreens' stickers and about how messages left at that number are processed.

3.    Levels of Organized Retail Crime

Retail stores, like Walgreens, are victimized by three levels of shoplifters (or boosters) and three levels of fences. Mr. Biggs will describe the varying levels of organization and the use by fences of false invoices and signed statements from boosters that the products were purchased legitimately.

## NOTICE OF POTENTIAL RULE 404(b)/INEXTRICABLY INTERTWINED EVIDENCE

The Government hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by the defendant which are referenced in the enclosed discovery, either as inextricably intertwined conduct or pursuant to Rule 404(b) of the Federal Rules of Evidence. This may include but not be limited to:

1. Hassan Swaid's false statements to banks regarding the type of business Rosemont conducted.
2. Rosemont's use of stolen milk crates and a fork lift with an obliterated serial number in furtherance of the conspiracy to transport stolen merchandise.
3. Rosemont's cash purchases from "Mark Hansen," an individual the government has been unable to locate as the address on his invoices does not exist.
4. Hassan Swaid and Sufian Al Khalidi's purchases of stolen goods from Mossleh Amari going back to 1998 and involving the use of a storage locker in San Leandro to facilitate the transfer of the stolen goods.
5. Rosemont's failure to list Mossleh Amari as a trade reference on applications for credit with vendors and banks.

## SUPERSEDING INDICTMENT

As I told both of you last week, the government will be seeking a superseding indictment charging that the conspiracy began as early as 1998 before Safa Swaid went to prison. It is also likely that we will be replacing the money laundering charges with charges of structuring pursuant to 31 U.S.C. § 5324.

## RECIPROCAL DISCOVERY REQUESTS

The United States is providing materials that it may not be required to provide under any applicable law or rule. Providing this discovery is not a concession or acknowledgment by the government that any or all of the foregoing discovery is required under Rule 16, the Jencks Act, or other federal statutes or rules. We explicitly reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

I will make any original materials available to you for your inspection upon request.

Pursuant to Rules 16(b) and (c) of the Federal Rules of Criminal Procedure, I hereby make a continuing request for all reciprocal discovery required by Rule 16(b) including the following:

1. Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial.

2. Inspection and/or copies of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at trial, or which have been prepared by a witness whom the defendant intends to call at trial when the results or reports relate to that witness's testimony.