AO 257 (Rev. 6/78)

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT

☒ SUPERSEDING

| | |
|---|---|
| **OFFENSE CHARGED** | Name of District Court, and/or Judge/Magistrate Location |

18 U.S.C. § 371 - Conspiracy to Transport Stolen
Merchandise Interstate and to Structure Financial
Transactions; 31 U.S.C. § 5324(a)(3) - Structuring;
26 U.S.C. § 7206(1) - Filing False Federal Income Tax Returns;
26 U.S.C. § 7201 - Income Tax Evasion

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY:   See Attachment

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

─ **DEFENDANT - U.S** ─

▶ MOSSLEH ABDO AMARI

DISTRICT COURT NUMBER

CR 07-00126 DLJ

*FILED*
*SEP - 9 2008*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND*

─ **PROCEEDING** ─

Name of Complaintant Agency, or Person (& Title, if any)

**INTERNAL REVENUE SERVICE**

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    KESLIE STEWART, AUSA

─ **DEFENDANT** ─

**IS NOT IN CUSTODY**

1) ☐  Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior
   summons was served on above charges ▶

2) ☐  Is a Fugitive

3) ☒  Is on Bail or Release from (show District)

   Northern District of California

**IS IN CUSTODY**

4) ☐  On this charge

5) ☐  On another conviction   } ☐ Federal ☐ State

6) ☐  Awaiting trial on other charges

   If answer to (6) is "Yes", show name of institution

| | | |
|---|---|---|
| Has detainer been filed? | ☐ Yes  ☐ No | If "Yes" give date filed |

DATE OF
ARREST ▶              Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─ **ADDITIONAL INFORMATION OR COMMENTS** ─

PROCESS:

☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT       Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: _____    Before Judge: _____

Comments:

PENALTY SHEET

DEFENDANT MOSSLEH ABDO AMARI

COUNT ONE: (18 U.S.C. § 371 - Conspiracy to Transport Stolen Property and Structure)

| | |
|---|---|
| a. Maximum prison sentence: | 5 years |
| b. Maximum fine: | $250,000 or twice the value of the property involved in the transactions, whichever is greater |
| c. Maximum supervised release term: | 3 years |
| d. Mandatory special assessment | $100 |
| e. Restitution: | To be determined by Court |

COUNT TWO: (31 U.S.C. § 5324(a)(3) - Structuring)

| | |
|---|---|
| a. Maximum prison sentence: | 10 years |
| b. Maximum fine: | $500,000 |
| c. Maximum supervised release term: | 3 years |
| d. Mandatory special assessment | $100 |

COUNT THREE: (26 U.S.C. § 7206(1) - False Tax Return)

| | |
|---|---|
| a. Maximum prison sentence: | 3 years |
| b. Maximum fine: | $100,000 |
| c. Maximum supervised release term: | 3 years |
| d. Mandatory special assessment | $100 |
| e. Restitution: | To be determined by Court |

COUNT FOUR: (26 U.S.C. § 7206(1) - False Tax Return)

| | |
|---|---|
| a. Maximum prison sentence: | 3 years |
| b. Maximum fine: | $100,000 |
| c. Maximum supervised release term: | 3 years |
| d. Mandatory special assessment | $100 |
| e. Restitution: | To be determined by Court |

COUNT FIVE: (26 U.S.C. § 7206(1) - False Tax Return)

| | |
|---|---|
| a. Maximum prison sentence: | 3 years |
| b. Maximum fine: | $100,000 |
| c. Maximum supervised release term: | 3 years |
| d. Mandatory special assessment | $100 |
| e. Restitution: | To be determined by Court |

COUNT SIX: (26 U.S.C. § 7201 - Federal Income Tax Evasion)

| | |
|---|---|
| a. Maximum prison sentence: | 5 years |
| b. Maximum fine: | $100,000 |
| c. Maximum supervised release term: | 3 years |
| d. Mandatory special assessment | $100 |
| e. Restitution: | To be determined by Court |

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☒ INFORMATION   ☐ INDICTMENT

☒ SUPERSEDING

─── **OFFENSE CHARGED** ───

18 U.S.C. § 371 - Conspiracy to Transport Stolen Merchandise Interstate and to Structure Financial Transactions; 31 U.S.C. § 5324(a)(3) - Structuring;

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

─── Name of District Court, and/or Judge/Magistrate Location ───

**NORTHERN DISTRICT OF CALIFORNIA**

OAKLAND DIVISION

── **DEFENDANT - U.S** ──

▶ AMMAR ABDO ALAMARI

DISTRICT COURT NUMBER

CR 07-00126 DLJ

*FILED*

SEP - 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   }  SHOW DOCKET NO.
  ☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant   }  MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under   }

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   KESLIE STEWART, AUSA

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
   Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   }  ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution
   _____

Has detainer been filed?   ☐ Yes   ☐ No   }  If "Yes" give date filed _____

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____   Before Judge: _____

Comments:

PENALTY SHEET

DEFENDANT AMMAR ABDO ALAMARI

COUNT ONE: (18 U.S.C. § 371 - Conspiracy to Transport Stolen Property and Structure)

| | |
|---|---|
| a. Maximum prison sentence: | 5 years |
| b. Maximum fine: | $250,000 or twice the value of the property involved in the transactions, whichever is greater |
| c. Maximum supervised release term: | 3 years |
| d. Mandatory special assessment | $100 |
| e. Restitution: | To be determined by Court |

COUNT TWO: (31 U.S.C. § 5324(a)(3) - Structuring)

| | |
|---|---|
| a. Maximum prison sentence: | 10 years |
| b. Maximum fine: | $500,000 |
| c. Maximum supervised release term: | 3 years |
| d. Mandatory special assessment | $100 |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT    ☒ INFORMATION    ☐ INDICTMENT

┌─ OFFENSE CHARGED ─────────────────────┐    ☒ SUPERSEDING

31 U.S.C. § 5324(a)(3) - Structuring;

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  a. Maximum prison sentence:    3 years
          b. Maximum fine:               $100,000
          c. Maximum supervised release term: 3 years
          d. Mandatory special assessment $100

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

┌─ DEFENDANT - U.S ─────────────┐

▶ BASHEER MOSSLEH ABDO AMMARI

DISTRICT COURT NUMBER

CR 07-00126 DLJ

**FILED**
SEP - 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

**INTERNAL REVENUE SERVICE**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:    SHOW DOCKET NO.

☐ U.S. ATTORNEY    ☐ DEFENSE }

☐ this prosecution relates to a pending case involving this same defendant    MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney    ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    KESLIE STEWART, AUSA

## DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction }

6) ☐ Awaiting trial on other charges } ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes    If "Yes" give date filed
                          ☐ No

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS    ☒ NO PROCESS*    ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:    Before Judge:

Comments:

1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney

2

3                                                              *FILED*

4                                                     SEP - 9 2008

                                            RICHARD W. WIEKING
5                                     CLERK, U.S. DISTRICT COURT
                                    NORTHERN DISTRICT OF COURT
6                                            OAKLAND CALIFORNIA

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND  DIVISION

11  UNITED STATES OF AMERICA,          )    No. CR 07-00126 DLJ
                                       )
12            Plaintiff,               )    VIOLATIONS:  18 U.S.C. § 371 –
                                       )    Conspiracy To Transport Stolen
13      v.                             )    Merchandise Interstate and to Structure
                                       )    Financial Transactions; 31 U.S.C. §
14                                     )    5324(a)(3) – Structuring; 26 U.S.C. §
                                       )    7206(1) – Filing False Federal Income Tax
15  MOSSLEH ABDO AMARI,                )    Returns; 26 U.S.C. § 7201 – Income Tax
    AMMAR ABDO ALAMARI, and            )    Evasion
16  BASHEER MOSSLEH ABDO AMMARI,       )
                                       )
17            Defendants.              )    OAKLAND VENUE
                                       )
18  _____ )

19             S U P E R S E D I N G   I N F O R M A T I O N

20  The United States Attorney charges:

21  COUNT ONE:      (18 U.S.C. § 371 – Conspiracy to Transport Stolen Property and Structure)

22       1.      Beginning on a date unknown, but no later than in or about July 1998, and

23  continuing until February 2007, in the Northern District of California, defendants

24                        MOSSLEH ABDO AMARI, and
25                        AMMAR ABDO ALAMARI,

26  did knowingly conspire with each other and other persons to commit offenses against the United

27  States, namely, interstate transportation of stolen goods and merchandise, in violation of 18

28  U.S.C. § 2314, and structuring transactions involving domestic financial institutions for the

    SUPERSEDING INFORMATION
    CR 07-00126 DLJ

1    purpose of evading the reporting requirements of 31 U.S.C. § 5313(a) and the regulations

2    promulgated thereunder, in violation of 31 U.S.C. § 5324(a)(3), all in violation of Title 18,

3    United States Code, Section 371.

4                        MANNER AND MEANS OF CONSPIRACY

5         2.    The defendants achieved and attempted to achieve the objectives of their

6    conspiracy using the following means and methods, among others:

7         (a)    The defendants, co-conspirators, and others engaged in a large-scale scheme to

8    purchase goods and merchandise (both referred to collectively as "merchandise") that had been

9    stolen from retail stores, such as Safeway, Target, and Walgreens, and to repackage the stolen

10    goods and merchandise for resale in interstate commerce.

11         (b)    Numerous individuals (referred to as "boosters") stole the merchandise from retail

12    stores intending to resell it for cash.

13         (c)    The boosters sold the stolen merchandise for a fraction of its retail value to

14    various convenience stores in Oakland, California, that were operated by defendant Mossleh

15    Amari. Defendant Mossleh Amari's employees at the Oakland stores always paid the boosters

16    cash for the stolen merchandise.

17         (d)    Defendant Mossleh Amari initially provided the stolen merchandise to an

18    unindicted co-conspirator who fronted him the cash to begin purchasing stolen merchandise from

19    the boosters in July 1998. Starting sometime in 1999, co-conspirators Hassan Swaid and Sufian

20    Al Khalidi began taking the stolen merchandise from defendant Mossleh Amari and fronting him

21    money to purchase more stolen merchandise. Co-conspirators Hassan Swaid and Sufian Al

22    Khalidi managed the repackaging and resale of the stolen merchandise out of a warehouse they

23    operated that employed numerous individuals.

24         (e)    At the beginning of the conspiracy, unindicted co-conspirator A would pick up the

25    stolen merchandise at the Oakland stores. Later, co-conspirators Hassan Swaid and Sufian Al

26    Khalidi began picking up the stolen merchandise at the Oakland stores. Beginning some time in

27    2000 or 2001, defendant Mossleh Amari began arranging for the stolen merchandise to be

28    delivered to a storage locker in San Leandro, California, where co-conspirators Hassan Swaid

SUPERSEDING INFORMATION
CR 07-00126 DLJ

1  and Sufian Al Khalidi would later pick it up. After the storage locker was searched by the police

2  in mid-December 2001, defendant Mossleh Amari and his relatives began delivering the stolen

3  merchandise directly to the warehouse where co-conspirators Hassan Swaid and Sufian Al

4  Khalidi worked.

5      (f)    On or about December 14, 2001, co-conspirator Hassan Swaid incorporated

6  Rosemont Wholesale, Inc. ("Rosemont") in the State of California. Rosemont continued to

7  operate the stolen goods operation out of its warehouse. At some point in 2003, Rosemont

8  moved its warehouse from San Leandro, California, to Hayward, California.

9      (g)    At the Rosemont warehouse, workers would remove the security stickers, stamps,

10 price tags, and bar codes from the stolen goods and merchandise to conceal the fact that these

11 products had been stolen.

12     (h)    At the Rosemont warehouse, the stolen products were sorted and repackaged for

13 resale, and thereafter transported to Rosemont's customers in and outside the State of California.

14     (i)    Rosemont advertised the stolen merchandise on the internet at

15 www.wholesaleramp.com.

16     (j)    Early in the conspiracy, defendant Mossleh Amari was paid in cash for the stolen

17 merchandise he obtained from the boosters. Unindicted co-conspirator A advanced him money

18 to purchase the stolen goods out of the Oakland markets that he controlled. Unindicted co-

19 conspirator A would then pay defendant Mossleh Amari a profit for every item deemed suitable

20 for resale and advance him additional funds to purchase more stolen goods.

21     (k)    Starting at some point at least as early as 2002, co-conspirators Hassan Swaid and

22 Rosemont began paying defendant Mossleh Amari for the stolen merchandise with checks drawn

23 on Rosemont's bank accounts instead of paying him with cash. Rosemont continued to front

24 defendant Mossleh Amari additional funds to purchase more stolen merchandise.

25     (l)    Co-conspirators Hassan Swaid and Sufian Al Khalidi kept track of the money paid

26 to defendant Mossleh Amari for the stolen merchandise in a ledger.

27     (m)    Defendant Mossleh Amari and his younger brother, defendant Ammar Alamari,

28 would cash these checks and use the cash to purchase more stolen goods for Rosemont.

SUPERSEDING INFORMATION
CR 07-00126 DLJ

1   (n)    At co-conspirator Hassan Swaid's direction, co-conspirator Rosemont's checks to

2   defendants Mossleh Amari and Ammar Alamari for the stolen merchandise were regularly

3   structured in amounts less than $10,000 to avoid triggering the currency reporting requirements

4   at the domestic banks where the checks were cashed.

5                                              OVERT ACTS

6   3.    In furtherance of the conspiracy, and to obtain the objectives thereof, the

7   defendants, co-conspirators, and others committed the following overt acts, among others, in the

8   Northern District of California and elsewhere:

9   (a)    On numerous occasions, co-conspirator Hassan Swaid, the president and owner of

10  record of Rosemont, signed checks drawn on Rosemont's bank accounts to pay for the stolen

11  goods and merchandise.

12  (b)    On numerous occasions, co-conspirator Sufian Al Khalidi, a general manager of

13  Rosemont, delivered checks to co-conspirators in amounts less than $10,000 as payment for the

14  stolen goods and merchandise.

15  (c)    On numerous occasions, co-conspirator Sufian Al Khalidi caused employees of

16  Rosemont to remove security stickers, stamps, price tags, and bar codes from stolen goods and

17  merchandise, to conceal the fact that these products were stolen.

18  (d)    On numerous occasions, defendant Mossleh Abdo Amari delivered stolen goods

19  and merchandise to Rosemont.

20  (e)    On numerous occasions, defendant Ammar Abdo Alamari delivered stolen goods

21  and merchandise to Rosemont.

22  (f)    On numerous occasions, defendant Mossleh Abdo Amari received money from

23  Rosemont to use for purchasing stolen goods and merchandise from the boosters who came into

24  the Oakland, California stores.

25  (g)    On numerous occasions, co-conspirator Rosemont transported and transferred in

26  interstate commerce goods and merchandise with a value exceeding $5000, knowing these goods

27  and merchandise to have been stolen.

28  (h)    On numerous occasions, for the purpose of evading the currency reporting

SUPERSEDING INFORMATION
CR 07-00126 DLJ

1    requirements, co-conspirator Rosemont paid for stolen merchandise it received on the same day

2    with multiple checks of less than $10,000 each.

3         (i)    On numerous occasions, Rosemont and its representatives and agents assisted in

4    structuring cash transactions by paying for stolen merchandise received on the same day with two

5    checks of less than $10,000 each, one made out to defendant Mossleh Amari and one made out to

6    defendant Ammar Alamari.

7         (j)    On numerous occasions, defendant Mossleh Abdo Amari cashed Rosemont

8    checks in amounts less than $10,000 on the same day but at different banks for the purpose of

9    evading the currency reporting requirements.

10         (k)    On numerous occasions, defendant Mossleh Abdo Amari cashed Rosemont

11    checks in amounts less than $10,000 on different days for the purpose of evading the currency

12    reporting requirements.

13         (l)    On numerous occasions, defendant Ammar Abdo Alamari cashed Rosemont

14    checks in amounts less than $10,000 at different banks for the purpose of evading the currency

15    reporting requirements.

16         (m)    On numerous occasions, defendant Ammar Abdo Alamari cashed Rosemont

17    checks in amounts less than $10,000 on different days for the purpose of evading the currency

18    reporting requirements.

19        All in violation of Title 18, United States Code, Section 371.

20    COUNT TWO:    (31 U.S.C. § 5324(a)(3) – Structuring)

21        4.    The allegations contained in paragraphs two and three of this Superseding

22    Information are realleged and incorporated as though fully set forth herein.

23        5.    On or about January 16, 2004, in the Northern District of California, defendants

24                  MOSSLEH ABDO AMARI, and
              AMMAR ABDO ALAMARI,

25

26    did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of

27    Title 31, United States Code, and the regulations promulgated thereunder, structure and attempt

    to structure and assist in structuring the following transactions with domestic financial

28

SUPERSEDING INFORMATION
CR 07-00126 DLJ

1    institutions, and did so as part of a pattern of illegal activity involving more than $100,000 in a

2    12-month period:

3        (a)     defendant Mossleh Amari cashed a Rosemont check dated January 16, 2004,

4                 signed by Hassan Swaid, in the amount of $8,000.

5        (b)     defendant Ammar Abdo Alamari cashed a Rosemont check dated January 16,

6                 2004, signed by Hassan Swaid, in the amount of $4,500.

7        All in violation of Title 31, United States Code, Section 5324(a)(3).

8    COUNT THREE: (26 U.S.C. § 7206(1) – False Tax Return)

9        6.     On or about February 3, 2003, in the Northern District of California, defendant

10                             MOSSLEH ABDO AMARI,

11   then a resident of San Leandro, California, did willfully make and subscribe a materially false

12   Form 1040 – U.S. Individual Tax Return for the year 2002 – which was verified by a written

13   declaration that it was made under penalty of perjury and was filed with the Internal Revenue

14   Service, which income tax return the defendant did not believe to be true and correct as to every

15   material matter, in that the defendant willfully omitted income derived from the sale of stolen

16   goods and merchandise, when in truth and fact, as the defendant well knew and believed, his total

17   income during the 2002 calendar year was more than he reported on his return.

18       All in violation of Title 26, United States Code, Section 7206(1).

19   COUNT FOUR:   (26 U.S.C. § 7206(1) – False Tax Return)

20       7.     On or about March 14, 2004, in the Northern District of California, defendant

21                             MOSSLEH ABDO AMARI,

22   then a resident of San Leandro, California, did willfully make and subscribe a materially false

23   Form 1040 – U.S. Individual Tax Return for the year 2003 – which was verified by a written

24   declaration that it was made under penalty of perjury and was filed with the Internal Revenue

25   Service, which income tax return the defendant did not believe to be true and correct as to every

26   material matter, in that the defendant willfully omitted income derived from the sale of stolen

27   goods and merchandise, when in truth and fact, as the defendant well knew and believed, his total

28   income during the 2003 calendar year was more than he reported on his return.

1      All in violation of Title 26, United States Code, Section 7206(1).

2   COUNT FIVE:   (26 U.S.C. § 7206(1) – False Tax Return)

3      8.    On or about March 30, 2005, in the Northern District of California, defendant

4                                MOSSLEH ABDO AMARI,

5 then a resident of San Leandro, California, did willfully make and subscribe a materially false

6 Form 1040 – U.S. Individual Tax Return for the year 2004 – which was verified by a written

7 declaration that it was made under penalty of perjury and was filed with the Internal Revenue

8 Service, which income tax return the defendant did not believe to be true and correct as to every

9 material matter, in that the defendant willfully omitted income derived from the sale of stolen

10 goods and merchandise, when in truth and fact, as the defendant well knew and believed, his total

11 income during the 2004 calendar year was more than he reported on his return.

12      All in violation of Title 26, United States Code, Section 7206(1).

13   COUNT SIX:    (26 U.S.C. § 7201 – Federal Income Tax Evasion)

14      9.    On or about August 15, 2006, in the Northern District of California, defendant

15                                 MOSSLEH ABDO AMARI,

16 then a resident of San Leandro, California, well-knowing and believing that during the calendar

17 year 2005 he had and received taxable income and that upon said taxable income there was

18 owing to the United States of America an income tax; the defendant did willfully attempt to

19 evade and defeat said income tax due and owing to the United States of America by failing to

20 make an individual income tax return on or before August 15, 2006, as required by law, to any

21 proper officer of the Internal Revenue Service, and by concealing and attempting to conceal from

22 the Internal Revenue Service his receipt of income, and the amount of such income, derived from

23 the sale of stolen goods and merchandise.

24      All in violation of Title 26, United States Code, Section 7201.

25   COUNT SEVEN:   (31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2 – Structuring)

26      10.    On three dates in or about December 2005, in the Northern District of California,

27 defendant

28                        BASHEER MOSSLEH ABDO AMMARI,

SUPERSEDING INFORMATION
CR 07-00126 DLJ

1  did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of

2  Title 31, United States Code, and the regulations promulgated thereunder, structure and attempt

3  to structure and assist in structuring transactions with domestic financial institutions by

4  transporting three checks, each in an amount less than $10,000 but together totaling more than

5  $10,000, from Hayward, California, to Oakland, California, knowing that these checks would be

6  cashed, in violation of Title 31, United States Code, Section 5324(a)(3) and 18 U.S.C. § 2.

7  COUNT EIGHT:  (31 U.S.C. §§ 5317(c), 1524(a))

8       11.     The allegations contained in Counts One and Two of this Superseding

9  Information are realleged and incorporated herein for the purpose of alleging forfeitures pursuant

10  to 31 U.S.C. § 5317(c)(1)(A).

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SUPERSEDING INFORMATION
CR 07-00126 DLJ

12.    Upon conviction of the offense alleged in Count One of this Superseding Information, the defendants Mossleh Abdo Amari and Ammar Abdo Alamari shall forfeit to the United States pursuant to 31 U.S.C. § 5317(c)(1), all property, real and personal, involved in the offense and any property traceable thereto, including but not limited to the following:

    (a)    All the goods and merchandise seized by or on behalf of the United States, or any of its agencies or departments, on or subsequent to February 8, 2007, from inside the business premises of Rosemont, 3179 Diablo Avenue, Hayward, California.

    (b)    A 2000 Ford van, California license plate 8F77260; and

    (c)    All goods and merchandise contained within approximately 8-9 white garbage bags seized by the United States, or any of its agencies or departments, from inside the aforementioned For van on or subsequent to February 8, 2007.

DATED: September 8, 2008

JOSEPH P. RUSSONIELLO
United States Attorney


W. DOUGLAS SPRAGUE
Chief, Oakland Branch Office

(Approved as to form:

AUSA STEWART
Assistant U.S. Attorney